UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON HOOKER, JR.,

    Plaintiff,

v.                                                                          Case No: 8:22-cv-0957-KKM-AAS

ROSA SLY, MICHELLE WOOTEN,
RYAN REDLAWSK, KAREN
MULCAHY,

    Defendants.
_____

## ORDER

Defendants move to dismiss pro se plaintiff Carlton Hooker's claims with prejudice because they violate a prefiling injunction this Court imposed against Hooker in *Hooker v. Sec'y of Veterans Affairs*, No. 8:20-cv-2557-KKM-JSS. (Doc. 19.) Because the Court agrees with Defendants that Hooker's *Bivens* claims in this action violate the prefiling injunction, the Court grants Defendants' motion to dismiss.[1]

The current language of the prefiling injunction in effect against Hooker is as follows:

---

[1] Recently in a companion case, the Court entered a dismissal order that modified the language of the prefiling injunction against Hooker to clarify it for the Clerk's office going forward. *See Hooker v. United States*, No. 8:22-cv-537-KKM-JSS.

Carlton Eugene Hooker Jr. is ENJOINED from filing any new action, complaint, or claim for relief against the Secretary of Veterans Affairs related to his employment, in federal court, state court, or any other forum. Hooker may not file any case or papers against the Secretary related to his employment without a member who is in good standing with the Florida Bar and who is eligible to practice before the Courts in the Middle District of Florida signing the paper. If Hooker files papers pro se after the entry of this order, they will be stricken and disregarded by the Court.

Twenty-eight times in the past eleven years, Hooker has filed lawsuits in this Court centering on his combative relationship with the Department of Veterans Affairs (VA). *See, e.g., Hooker v. Sec'y of Veterans Affairs*, No. 8:21-cv-2557-KKM-JSS; *Hooker v. Dep't of Veterans Affairs*, No. 8:20-cv-2750-SDM-AEP; *Hooker v. Dep't of Veterans Affairs*, No. 8:20-cv-2994-CEH-TGW; *Hooker v. USDOJ-Executive Off. of U.S. Atty's*, No. 8:20-cv-2749-SDM-TGW; *Hooker v. Mulcahy*, No. 8:20-cv-1788-CEH-JSS; *Hooker v. Wilkie*, No. 8:20-cv-1248-WFJ-CPT; *Hooker v. Sec'y, Dep't of Veterans Affairs*, No. 8:18-cv-2000-CEH-JSS. Specifically, these cases center on the VA's Bay Pines Medical Center where Hooker was once employed as a member of the VA police force. On December 9, 2016, Hooker was notified of the VA's decision to place him in "no engagement status" at the Bay Pines campus because of his relentlessly combative behavior towards the VA and its employees at that location after the termination of his VA employment. Hooker refers to the decision as "the ban" and sues four VA employees stationed at Bay Pines: Rosa Sly (the Bay Pines Information Officer), Michelle Wooten

(Bay Pines police officer), Ryan Redlawsk (Bay Pines police officer), and Karen Mulcahy (VA attorney). Hooker sues these defendants under *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971), which implies a damages remedy under limited circumstances for constitutional violations committed by federal agents and employees. (Doc. 1.)

The allegations in Hooker's Complaint in this case rehash the allegations in a companion Federal Tort Claims Act (FTCA) case recently dismissed by this Court. *See Hooker v. United States*, No. 8:22-cv-537-KKM-MRM. Both suits center on the "ban" the VA imposed against Hooker at the Bay Pines Medical Center. As in the companion case, the Court agrees with Defendants that the "ban" against Hooker is clearly related to his employment with the VA and thus is covered by the injunction. The "ban" was imposed to address Hooker's endlessly contentious behavior against the VA following his termination as a VA police officer, and his efforts to regain employment at Bay Pines in various capacities. The injunction is intended to prevent the VA and its employees from needing to defend their actions in banning Hooker from the VA yet again in court. Limiting the injunction exclusively to actions filed against the VA Secretary alone is not a reasonable reading of the injunction in the light of its purpose.

Accordingly, the following is **ORDERED:**

1. Defendant's (Doc. 19) Motion to Dismiss is **GRANTED.**

2. The Clerk is directed to **ENTER JUDGMENT** in favor of Defendants, to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on August 11, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**